United States District Court
for the
Southern District of Florida

| | |
|---|---|
| *In re* Application of Departments of Antioquia, Caldas, Cundinamarca, and Valle del Cauca for Judicial Assistance in Obtaining Evidence in this District under 28 U.S.C. § 1782 | Miscellaneous Case No. 16-20335 |

### Order Permitting Discovery

The Departments of Antioquia, Caldas, Cundinamarca, and Valle del Cauca, akin to states in the United States, ask the Court for permission to issue subpoenas *duces tecum* and for depositions to Juan Jose Colombo, Armando Gonzalez-Rua, Maria Zaldivar, Leon Arteche, and Philippe Brechot consistent with 28 U.S.C. § 1782.

In order satisfy the statutory language of 28 U.S.C. § 1782(a), the following basic requirements must be met: "(1) the request must be made by a foreign or international tribunal, or by any interested person; (2) the request must seek evidence, whether it be the testimony or statement of a person or the production of a document or other thing; (3) the evidence must be for use in a proceeding in a foreign or international tribunal; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance." *In re Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007) (internal quotations of and citations to the statute omitted).

All but the third requirement appear to the Court to have been clearly met based on the allegations in the application. With respect to this third requirement, that "the evidence must be for use in a proceeding in a foreign or international tribunal," the Court notes that there is currently no pending judicial proceeding. Accordingly, the Court must determine "whether the requested evidence will *likely* be of use in a judicial proceeding." *In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago*, 848 F.2d 1151, 1155 (11th Cir. 1988) (reviewing other cases) (emphasis supplied). Here, the applicants submit that the discovery they seek is "for use in a forthcoming civil action for unfair competition to be brought in . . . Colombia" (Appl., ECF No. 1, 1) and that they "are in the process of gathering evidence for use in that proceeding" (*id.* at 2). The applicants also describe themselves "as plaintiffs in the forthcoming civil proceeding in Colombia" and believe that the targets of their discovery requests have documents or personal knowledge related to "the unfair competition claims to be litigated in Colombia." (*Id.* at 3.). Based on

these averments, the Court is satisfied that the requested evidence will likely be used by the applicants in an upcoming civil trial in Colombia. The statutory requirements set forth in 28 U.S.C. § 1782(a) have therefore been met. Further, the additional factors to be considered in determining whether to grant the request weigh in favor of granting the request. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).

Therefore, after considering the motion, the record, and the relevant legal authorities, the Court **grants** the motion (ECF No. 1). Counsel for the applicants, who is authorized to practice in the Southern District of Florida, is directed to issue the requested subpoenas consistent with Federal Rule of Civil Procedure 45 and 28 U.S.C. § 1782(a).

**Further, the discovery targets, Juan Jose Colombo, Armando Gonzalez-Rua, Maria Zaldivar, Leon Arteche, and Philippe Brechot, are ordered to preserve all documents in their possession or control evidencing, showing, reflecting, or pertaining to distributors located in Colombia, Aruba, or Panama, or sales of Seagram, Diageo or Pernod-Ricard products into or through Colombia, Aruba, or Panama until further order from this Court**.

**Done and ordered** in chambers at Miami, Florida on February 2, 2016.

_____
Robert N. Scola, Jr.
United States District Judge